UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRANCE MINEAU,

        Plaintiff,

        v.         Case No. 21-C-310

MARY BETH KING, et al.,

        Defendants.

## SCREENING ORDER

Terrance Mineau, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on the plaintiff's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Mineau requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Mineau has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $0.70. The Court will grant Mineau's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Mineau is an inmate at the Green Bay Correctional Institution. Dkt. No. 1 at 1. Defendants are Mary Beth King and Oneida Behavioral Health Center. *Id*. at 1-2. Mineau states that Oneida Behavioral Health Center is a "private behavioral health center" and that King is a mental health counselor at the center. *Id*. at 2.

Mineau was a patient at the Oneida Behavioral Health Center on October 8, 2018. *Id*. He met with King that day and expressed concern that he would be asked to participate in "large group" treatment sessions, which he was not comfortable doing. *Id*. Mineau also stated that he did not want King to report back to his parole agent (not a defendant) because that would violate his "counselor-patient privilege." *Id*. King explained that the current disclosure he signed required her to report everything to his parole agent, including attendance, scheduling, and the content of their conversations. *Id*. Mineau then spoke to his parole agent, who stated that she had a right to his mental health records through the judgment of conviction order. *Id*. Ultimately, there was an agreement that King would only report attendance and scheduling to the parole agent, but nothing else. *Id*. at 2-3.

About six months later, on May 21, 2019, Mineau reported for his last session with King. *Id*. at 3. He explained that he was moving because his friend was drinking, and his parole agent told him to report to St. John's Homeless Shelter. *Id*. Instead of "offering support" during that distressing time, King encouraged Mineau to find another behavioral health center to attend. *Id*. King made a variety of suggestions, including Oneida Transformation House, Oneida Sober Living House, and Oneida Wise Men's Group. *Id*. She also recommended that Mineau contact Oneida

3

Work Force Development. *Id*. Mineau indicated that he would not do this because he was a member of the Menominee Tribe, whose traditions and ceremonies "differ greatly" from Oneida. *Id*. He also believed that he didn't "qualify" for programs through Oneida because he was a Menominee Tribe member. *Id*. Mineau asked King to contact his parole agent to tell her that it was his last day. *Id*. King responded that she "wasn't a go between," but she said she would do it this once. *Id*. Mineau states that King knew that he did not have access to a cell phone, and she also knew that he did not get along with his parole agent. *Id.* at 3-4.

The following day, on May 22, 2019, the police arrived at the St. John's Shelter with a warrant for Mineau's arrest. *Id*. at 3. Mineau states that King should have contacted his parole agent to report his whereabouts. *Id*. He states that he absconded at that time but was ultimately arrested a few weeks later on June 20, 2019. *Id*.

On August 7, 2019, Mineau received a copy of discovery documents for his parole revocation proceeding. *Id*. at 4. Through the documents Mineau discovered that King had provided a statement indicating that she offered alternative treatments and work arrangements during his last session on May 21, 2019, but Mineau "blatantly refused." *Id*. Mineau states that King knew this statement would result in his parole revocation. *Id*. Mineau "got revoked for two years and [is] still fighting [his] revocation in the Wisconsin Supreme Court." *Id*. For relief, he seeks monetary damages "from allegations resulting in a two-year revocation." *Id*. at 5.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of*

4

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The alleged deprivation must have been committed by a person acting under the color of state law, which means the person exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

The Court will dismiss this case for failure to state a claim upon which relief can be granted. First, King and the Oneida Behavioral Health Center are not state actors. Because the defendants are not state actors, Mineau cannot assert claims against them under §1983. *See D.S.*, 799 F.3d at 798.

Second, even if Mineau had named state actors, his claim would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Mineau cannot maintain a §1983 action where a judgment in his favor would necessarily imply the invalidity of a previous criminal conviction that has not been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-88. A "criminal conviction" includes parole revocations. *See Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (finding that *Heck* bars a §1983 suit that would necessarily imply the invalidity of a parole revocation). Mineau alleges that King provided "prohibited" and/or "inaccurate" information for his revocation proceeding, and this was the cause of his two-year parole revocation. Prevailing on such a claim would necessarily invalidate his parole revocation. Mineau alleges that he is still fighting his parole revocation in the Wisconsin Supreme Court, which means that his parole revocation has not been reversed, expunged, declared invalid, or called into question through a writ of habeas corpus. Mineau's claim is therefore *Heck* barred and the Court will dismiss this case.

## CONCLUSION

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$349.14** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 17th day of May, 2021.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.